NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3854
_____

UNITED STATES OF AMERICA

v.

PATRICIA HERNANDEZ,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00506-001)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2011

Before:  RENDELL, AMBRO and FISHER, Circuit Judges.

(Opinion Filed: January 11, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Appellant Patricia Hernandez seeks a new trial following a jury verdict finding her

guilty of one count of possession of a firearm by a convicted felon, in violation of 18

U.S.C. § 922(g)(1).  She argues that the United States committed prosecutorial

misconduct by improperly stating during closing argument that Hernandez knew that she

could not possess a firearm, which allegedly rendered her trial fundamentally unfair and deprived her of due process. For the following reasons, we will affirm.

Because we write solely for the benefit of the parties who are familiar with the factual context and procedural history of this case, we will recite only the facts relevant to our analysis. On April 3, 2008, police responded to a report of an individual with a gun at a residence and arrived to find Hernandez near the doorway of the kitchen. When the officers ordered Hernandez to show her hands, she reached into her pocket, removed a shiny object, and tossed the object behind the kitchen doorway. The arresting officer proceeded through the kitchen doorway and discovered an operable gun lying in a box of cat litter.

At trial, the government presented its case and Hernandez offered one stipulation regarding her whereabouts before the incident. During closing argument, Hernandez objected to the following statement by the prosecutor:

> So let's freeze the picture right there. At that moment in time, what did the defendant know? She knows that she is a convicted felon. She knows that as a convicted felon, she can't possess a firearm, and she knows that she has a firearm sitting in her pants pocket.

(Appendix 8.) Hernandez timely objected, asserting that the inference drawn as to her purported knowledge was not in the record and improperly highlighted her decision not to testify.

The District Court initially responded that the statement appeared to be a permissible inference based on Hernandez's conduct at the time of arrest, but proceeded

2

to instruct the jury on the issue in its closing instruction. The Court specifically noted that Hernandez's decision not to testify was her right and could not be considered in any way in the jury's deliberation. Furthermore, the Court advised that Hernandez's state of mind was not directly in the record, and that the government's closing invited the jury in its discretion to draw an inference about Hernandez's state of mind based on her conduct. Finally, the Court instructed that the government's closing should not be construed as a comment upon Hernandez's decision not to testify.

The jury returned a verdict of guilty.

## Discussion [1]

Hernandez argues that the prosecutor made prejudicial comments during her closing argument that warrant the grant of a new trial. Specifically, she challenges the government's inference that she "knew" that she was not permitted to carry a firearm as being unsupported by the evidence presented at trial. She contends that the inference impermissibly prejudiced the jury, as it suggested that the prosecutor possessed undisclosed evidence which could not be presented to the jury. Hernandez emphasizes that the closing statements were particularly prejudicial since the only issue at trial was knowledge of possession of the firearm. We disagree.

The question of whether prosecutorial comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process" is a narrow one,

---

[1] The District Court had jurisdiction over this criminal case by virtue of 18 U.S.C. § 3231. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

*Darden v. Wainwright*, 477 U.S. 168, 181 (1986), and "our case law punishes the government by granting a new trial . . . only if the defendant was prejudiced by the remarks in question," *United States v. Helbling*, 209 F.3d 226, 241 (3d Cir. 2000).

As an initial matter, we are not convinced that the prosecutor's statement regarding Hernandez's alleged knowledge was improper. We have consistently held that a "prosecutor is entitled to considerable latitude in summation to argue the evidence and any reasonable inferences that can be drawn from that evidence." *United States v. Lee*, 612 F.3d 170, 194 (3d Cir. 2010) (quoting *United States v. Werme*, 939 F.2d 108, 117 (3d Cir. 1991)). Here, the District Court observed at the time of the prosecutor's remarks that "the argument can be based on an inference drawn from her behavior, in addition to her knowledge that she has, at least, one felony conviction." (Supp. App. 176-77.) The prosecutor's inference was not unreasonable in light of the evidence actually presented at trial demonstrating Hernandez's conduct at the time of her arrest and prior criminal history. Accordingly, Hernandez has not demonstrated that the District Court abused its discretion by allowing this statement.

Even if the prosecutorial conduct had been improper, however, it did not prejudice Hernandez. "'In determining prejudice, we consider the scope of the objectionable comments and their relationship to the entire proceeding, the ameliorative effect of any curative instructions given, and the strength of the evidence supporting the defendant's conviction.'" *Helbling*, 209 F.3d at 241 (quoting *United States v. Zehrbach*, 47 F.3d

4

1252, 1265 (3d Cir. 1995)).  Where, as here, the error is non-constitutional, "we will affirm 'when it is highly probable that the error did not contribute to the judgment.'"  *Id.* (quoting *Gov't of Virgin Islands v. Toto*, 529 F.2d 278, 284 (3d Cir. 1976)).

First, the evidence presented by the United States in support of Hernandez's conviction for possession of a firearm in violation of Section 922(g) was substantial.  The government adduced consistent testimony from several witnesses – including a civilian and two police officers – who directly observed Hernandez in possession of a weapon, satisfying the government's burden of proof.  Second, the District Court provided an extensive curative instruction, ameliorating any potential prejudice.  The Court directed the jury that it alone would decide what inferences to draw based on the evidence in the record, and reminded the jurors on several occasions that statements by attorneys did not constitute evidence.  (Supp. App. 195-96.)  Moreover, the Court clearly told the jury that any remarks in the closing argument pertaining to Hernandez's state of mind only invited the jurors to make their own inferences based on Hernandez's conduct, and were not to be construed as a comment on Hernandez's decision not to testify.

Finally, the relationship of the objectionable comments to the entire proceeding was notably limited in scope.  As stated, the government did not need to prove Hernandez's knowledge of the law, but only her possession of a weapon.  *See* § 922(g).  Having advanced sufficient evidence to prove the latter element, the prosecutor's subsequent remarks regarding Hernandez's knowledge of the unlawfulness of her

behavior was unnecessary to a finding of guilt.  Additionally, "this statement was brief and isolated" within the larger evidentiary presentation.  *See United States v. Weatherly*, 525 F.3d 265, 273 (3d Cir. 2008) (finding it "highly unlikely that [disputed] statement had any influence on the jury" where brief remark was part of extensive transcript).  "[I]f our review of the record convinces us that the jury would have convicted the defendant even had it not been exposed to the allegedly improper prosecutorial comments, we must conclude that no actual prejudice accrued."  *United States v. Liburd*, 607 F.3d 339, 345 (3d Cir. 2010) (quoting *Gov't of Virgin Islands v. Joseph*, 770 F.2d 343, 350 (3d Cir. 1985)).  Here, we are convinced that that the jury would have convicted Hernandez regardless of the prosecutor's disputed remark.  *See Helbling*, 209 F.3d at 241.

Accordingly, we find that the District Court did not abuse its discretion in denying Hernandez's request for a new trial.

**Conclusion**

For the foregoing reasons, we will affirm the District Court's decision.